UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| BRADLEY PAUL WILLIAMS,<br><br>      Plaintiff,<br><br>  vs.<br><br>WALDO COUNTY, et al.,<br><br>      Defendants | Civil No. 16-0211-DBH |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND (MERL REED)**

Defendant Merl Reed, by and through counsel, hereby responds to the Plaintiff's Complaint as follows:

    I.    The Parties to This Complaint

    A.    The allegations in this paragraph of Plaintiff's Complaint are not phrased as statements of fact and therefore do not appear to require a response. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    B.    The allegations in this paragraph of Plaintiff's Complaint (including all sub-parts) are not phrased as statements of fact and therefore do not appear to require a response. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    II.    Basis for Jurisdiction

    A.    The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without

sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

  B. The allegations contained in the first sentence of this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.  The Defendant admits that the Plaintiff was arrested but denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

  D. The allegations contained in the first sentence of this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.  The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

  E. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

  F. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

  G. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

  H. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

III.   Statement of Claim

A.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

B.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

C.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first sentence of this paragraph of Plaintiff's Complaint and, accordingly, denies same. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

D.   The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

E.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

F.   The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

G.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

H.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

I.   The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

  J.  The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

  K.  The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

  IV.  Injuries

The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

  V.  Relief

The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

  VI.  Certification and Closing

The allegations in this paragraph of Plaintiff's Complaint are not phrased as statements of fact and therefore do not appear to require a response. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

  A.  The allegations in this paragraph of Plaintiff's Complaint are not phrased as statements of fact and therefore do not appear to require a response. To the extent a response is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

**AFFIRMATIVE DEFENSES**

1. The Defendant has at all times acted in good faith and without knowledge that is conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by immunity provisions provided to the Defendants by the Maine Tort Claims Act, including but not limited to 14 M.R.S.A. § 8103, 8104-B, and 8111(1)(C), (D) and (E).

6. The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

8. The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

9. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

10. The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents.

11. The Plaintiff's claims are barred for the reason that the Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

12. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

13. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

16. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

17. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

18. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate damages.

19. The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

20. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

21. The Plaintiff's claims are barred, in whole or in part, for insufficiency of process or insufficiency of service of process.

**JURY DEMAND**

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Merl Reed demands judgment in his favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 1st day of September, 2016.

                Attorneys for Defendant Merl Reed
                MONAGHAN LEAHY, LLP
                95 Exchange Street, P.O. Box 7046
                Portland, ME 04112-7046
                (207) 774-3906
BY:   /s/ John J. Wall, III
                John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand (Merl Reed)** using the CM/ECF system, which will provide notice to me and the other counsel or parties of record: ebenjamin@dwmlaw.com; Bradley Paul Williams (616ozpbrs@gmail.com).

Dated at Portland, Maine this 1st day of September, 2016.

                Attorneys for Defendant Merl Reed
                MONAGHAN LEAHY, LLP
                95 Exchange Street, P.O. Box 7046
                Portland, ME 04112-7046
                (207) 774-3906
BY:   /s/ John J. Wall, III
                John J. Wall, III