UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRADLEY PAUL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:16-cv-00211-DBH |
| ) | |
| WALDO COUNTY MAINE DEPUTY ) | |
| MERL REED, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

In this action, Plaintiff alleges Defendants deprived him of certain constitutional protections in connection with his arrest on November 4, 2014. According to Plaintiff, he was unlawfully arrested after he mailed a legal document to a person who accused him of stalking. Plaintiff also asserts a claim for malicious prosecution.

The matter is before the Court on Plaintiff's motion for preliminary injunction.[1] (ECF No. 18.) Through the motion, Plaintiff asks the Court to enjoin Defendants from "further police calls, warrants, arrests, threats, intimidation, harassment, tampering, and violence against him." (Motion at 3.) After a review of the record, I recommend the Court deny Plaintiff's motion.

---

[1] In his request for injunctive relief, Plaintiff requests a "temporary injunction." (Motion at 3, ECF No. 18.) Because Defendants have notice of the motion and have filed responses to the motion (ECF Nos. 25, 26), I construe the motion as a motion for preliminary injunction and not a motion for temporary restraining order. Generally, the distinction between the two forms of injunctive relief is that a temporary injunction can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015).

**Discussion**

When evaluating a request for preliminary injunction, courts "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996). The likelihood of success factor is given the most weight. *Id.* at 16 ("Likelihood of success is the main bearing wall[.]").

Plaintiff asserts his claims under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

The gravamen of Plaintiff's claim is that Defendants falsely arrested him on November 4, 2014, and that he was subjected to a malicious prosecution on baseless charges. The Fourth Amendment prohibits unreasonable searches and seizures, and provides that no warrant shall issue except on a showing of "probable cause, supported by oath or affirmation." U.S. Const. amend. IV. An exception to the warrant requirement exists when an officer makes an arrest for a crime committed in the officer's presence. *Virginia v. Moore*, 128 S. Ct. 1598, 1607 (2008). Maine law similarly permits a law enforcement officer to arrest "[a]ny person who has committed or is committing in the officer's presence any Class D or Class E crime." 17-A M.R.S. § 15(1)(B).

Whether an officer had probable cause to arrest is assessed in light of the totality of the circumstances, and is evaluated in light of "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates,* 462 U.S. 213, 230 – 31 (1983) (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949)). Probable cause for an arrest exists if, "at the time of the arrest, the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person in believing that [the individual] had committed or was committing a crime." *United States v. Torres-Maldonado*, 14 F.3d 95, 105 (1st Cir. 1994).

Plaintiff contends that Defendants unlawfully arrested him on November 4, 2014. In support of his request for injunctive relief, Plaintiff filed an officer's affidavit of probable cause in support of Defendant's arrest in 2016 based on incidents before and after his arrest in 2014. (ECF No. 18-1.) The affidavit does not support Plaintiff's false arrest claim. To the contrary, insofar as the affidavit includes information regarding Plaintiff's

3

contact with the alleged victims of the incidents for which he was arrested in 2014, the affidavit raises legitimate questions about the merit of Plaintiff's false arrest claim. In short, Plaintiff has not established that he is likely to succeed on his false arrest claim.

Plaintiff has also failed to demonstrate that he is likely to prevail on his malicious prosecution claim. To prevail on the claim, which is also governed by the Fourth Amendment, Plaintiff must show that Defendants "(1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 101 (1st Cir. 2013) (internal quotation marks omitted). Plaintiff evidently contends that the state ultimately dismissed the charges, which decision demonstrates the lack of merit in the charges. The end result of the case, however, is not controlling. Plaintiff must establish the lack of probable cause in order to succeed on his malicious prosecution claim. As explained above, Plaintiff has failed to demonstrate that he is likely to prove the lack of probable cause.[2]

Even if Plaintiff had established a likelihood of success on the merits, the effect of the requested injunction on the public interest would be substantial and thus militate against an injunction. Through his request that the Court enjoin Defendants from "further police calls, warrants, arrests, threats, intimidation, harassment, tampering, and violence against

---

[2] To the extent Plaintiff intended to assert a common law malicious prosecution claim, because Plaintiff would have to prove the absence of probable cause, the result would be the same. For purposes of the common law tort of malicious prosecution, Plaintiff must show "(1) the defendant initiated, procured or continued a criminal action without probable cause; (2) the defendant acted with malice; and (3) the plaintiff received a favorable termination of the proceedings." *Trask v. Devlin*, 2002 ME 10, ¶ 11, 788 A.2d 179, 182.

him," Plaintiff essentially asks the Court to preclude Defendants from performing their obligation to provide for the safety of the community should Plaintiff become engaged in any dispute with another member of the community. Such a result would be untenable.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for preliminary injunction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district county is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 8th day of November, 2016.