UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRADLEY PAUL WILLIAMS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:16-cv-00211-DBH |
| ) | |
| WALDO COUNTY MAINE ) | |
| DEPUTY MERL REED, et al., ) | |
| ) | |
| Defendants ) | |

**ORDER ON DEFENDANTS' MOTION
FOR SANCTIONS**

This matter is before the Court on the motion for sanctions of Defendants City of Belfast and Belfast Police Chief Michael McFadden. (Motion, ECF No. 40.) Through the motion, Defendants ask the Court to sanction Plaintiff for his repeated failure to respond to Defendants' discovery requests. Defendants ask the Court to dismiss Plaintiff's complaint or, alternatively, to order Plaintiff "to immediately submit his responses to the Discovery Requests and fashion other sanctions that it deems appropriate under the circumstances." (Defendants' Reply at 3, ECF No. 45.)

**Factual Background**

The record reveals that on December 6, 2016, Defendants served interrogatories and a request for documents upon Plaintiff. Plaintiff failed to respond to the discovery requests as required by the Federal Rule of Civil Procedure. Defendants wrote to Plaintiff to request a response or to contact Defendants' counsel to discuss the requested discovery. When Plaintiff did not respond, Defendants requested a telephonic conference with the Court. In

response to Defendants' request for a conference, Plaintiff asked for and received a week extension of the time to respond to the discovery requests.  Under the order, Plaintiff was required to serve the responses by January 26, 2017.  (Order, ECF No. 37.)  On January 23, Plaintiff asked Defendants to send the discovery requests to him.  Even though Defendants had previously provided the requests to Plaintiff, Defendants forwarded to him another copy of the requests.  Nevertheless, Plaintiff has not served responses to the discovery requests.  (Reply in Support of Motion for Sanctions, ECF No. 45.)

## Discussion

Federal Rule of Civil Procedure 37(d)(1)(A)(ii) authorizes the Court to impose sanctions where "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  According to the current record, Plaintiff has not served responses to the discovery requests.  When Defendants requested a telephonic conference in accordance Local Rule 26(b) to address Plaintiff's failure to respond to the requests, based on Plaintiff's representation he would provide responses to the discovery requests by January 26, 2017 (Motion to Extend Time at 2, ECF No. 36), the Court did not schedule the conference. Instead, the Court extended the time for Plaintiff to serve the responses to January 26, 2017. (Order, ECF No. 37.)  Pursuant to the Court's order, therefore, Plaintiff was required to respond to the discovery requests by January 26.

Federal Rule of Civil Procedure 37(b)(2)(A), which authorizes the Court to impose sanctions for a party's non-compliance with discovery orders, states in relevant part:

> (A) *For Not Obeying a Discovery Order.* If a party… fails to obey an order to provide or permit discovery, …the court …may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Defendants ask the Court to dismiss Plaintiff's complaint as a sanction for his failure to respond to the discovery requests. When considering whether to dismiss a case as a sanction, the First Circuit has cautioned:

> Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent.

*Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). "Dismissal is only one of the authorized forms of sanctions, and the district court 'should consider the totality of events and then

choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)).  A court must also consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Id.* (citing *Young,* 330 F.3d at 81).

Here, Plaintiff has failed to respond to the outstanding discovery requests despite Defendants' reasonable efforts to obtain the responses. Plaintiff has had more than sufficient time to respond to the discovery requests.  Because Plaintiff has failed to provide responses to the discovery requests within the time extended by the Court, a sanction is warranted.  Plaintiff must understand the rules of procedure are not advisory, nor mere guidelines.  All parties must comply with the rules.  The Court, however, is not persuaded that at this stage of the proceedings, dismissal is appropriate.  The Court will order Plaintiff to serve the responses, and will also impose a sanction that is designed to deter Plaintiff from future similar conduct.

## Conclusion

Based on the foregoing analysis, the Court orders:

1. On or before March 21, 2017, Plaintiff shall serve upon Defendants complete responses to the interrogatories and request for production of documents that Defendants served upon him.

2. As a sanction for Plaintiff's failure to serve the discovery responses, until Plaintiff serves complete responses to the discovery requests, Plaintiff may not serve any

discovery requests upon Defendants.  To the extent Plaintiff has served discovery requests upon Defendants, Defendants are not required to respond to the requests until Plaintiff has complied with the terms of this Order.

3. If Plaintiff fails to comply with the terms of this Order, Plaintiff's complaint could be dismissed.

## NOTICE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of March, 2017.