UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRADLEY PAUL WILLIAMS,        )
                             )
            Plaintiff        )
                             )
      v.                     )        1:16-cv-00211-DBH
                             )
WALDO COUNTY MAINE           )
DEPUTY MERL REED, et al.,     )
                             )
            Defendants       )

**RECOMMENDED DECISION ON
PLAINTIFF'S MOTION TO ENJOIN**

In this action, Plaintiff alleges Defendants deprived him of certain constitutional

protections in connection with his arrest on November 4, 2014. According to Plaintiff, he

was unlawfully arrested after he mailed a legal document to a person who accused him of

stalking.  Plaintiff also asserts a claim for malicious prosecution.

The matter is before the Court on Plaintiff's motion to enjoin. (ECF No. 41.)

Through the motion, Plaintiff evidently asks the Court to enjoin Defendants from arresting

him again, or otherwise investigating or prosecuting criminal matters against him.

Following a review of the record, and after consideration of the parties' written

arguments, I recommend the Court deny the motion to enjoin.

**Discussion**

When evaluating a request for injunctive relief, courts "must consider (1) the

likelihood of success on the merits; (2) the potential for irreparable harm if the injunction

is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if

enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 &n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Plaintiff previously made a similar request for injunctive relief, which request the Court denied. (Recommended Decision, ECF No. 32; Order Affirming Recommended Decision, ECF No. 33.) Plaintiff has presented no record evidence to support a different analysis or result. As explained in the Court's prior decision, Plaintiff has failed to demonstrate that he is likely to prevail on the merits of his claims. In addition, his requested relief – that Defendants in essence refrain from performing their responsibilities as law enforcement officers – would be contrary to the public interest. Accordingly, Plaintiff is not entitled to the injunctive relief he requests.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion to enjoin. (ECF No. 41.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of April, 2017.