UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BRADLEY PAUL WILLIAMS, )<br>)<br>     Plaintiff )<br>)<br>v.             )<br>)<br>WALDO COUNTY DEPUTY MERL )<br>REED; BELFAST POLICE CHIEF )<br>MIKE MCFADDEN; WALDO  )<br>COUNTY; AND CITY OF BELFAST, )<br>)<br>     Defendants ) | Civil No. 1:16-cv-0211-DBH |

### DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  The plaintiff filed this lawsuit against Waldo County and a Waldo County deputy sheriff, and against the City of Belfast and the Belfast Police Chief (ECF No. 1). All defendants moved for summary judgment (ECF No. 63, 65). I granted the plaintiff a stay in responding until July 20, 2017, due to medical reasons (ECF No. 68). That date has passed, and the plaintiff has filed no response.

  Under Local Rule 56(f), all the defendants' statements of material facts, if properly supported by record citations, are deemed admitted. <u>See also</u> Fed. R. Civ. P. 56(e)(2) & (3). As a result, contrary to the plaintiff's assertions in his Complaint, there was no arrest or seizure on November 4, 2014, or at any time near that date. Belfast Defs.' Statement of Material Facts ¶ 2 (ECF No. 64) (Belfast Defs.' SMF); County Defs.' Statement of Material Facts ¶ 12 (ECF No. 69) (County Defs.' SMF).

***Federal Claims***

Without an arrest or seizure the plaintiff cannot recover on his federal claims of false arrest and excessive force. It appears that in September of 2014 Waldo County Deputy Reed did issue a uniform summons and complaint to the Plaintiff for harassment, but based upon what the deputy knew, he had probable cause for doing so.[1] County Defs.' SMF ¶¶ 7–8. Deputy Reed did not serve the summons and complaint, but Belfast Police Chief McFadden did so on September 9, 2014. County Defs.' SMF ¶¶ 9–11. Deputy Reed did not arrest the plaintiff or detain him against his will.[2] County Defs.' SMF ¶¶ 12–13.

The plaintiff also claims that the defendants were responsible for protecting him and refused to provide vital police services to him. Compl. ¶¶ II(E), III(F), III(J). But there is no generalized constitutional duty to protect or provide police services. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196–97 (1989). Because the plaintiff was not in custody around the time he claims, there was no affirmative constitutional duty on the part of the defendants.[3]

---

[1] Deputy Reed knew that the plaintiff was served a cease harassment notice on September 4, 17-A M.R.S.A. § 506-A(1), and that, after he was served with the notice, Williams violated the order in a letter he addressed to Waldo County Court and Sheriff and the people whom he was accused of harassing, dated September 4. County Defs.' SMF ¶¶ 3, 5; Merl Reed Aff. ¶ 5 (ECF No. 66-2). In the letter he stated that he intended to "contact [the people protected by the Cease Harassment Notice] in flagrant disregard of the fraudulent notice." County Defs.' SMF ¶¶ 3, 5; Merl Reed Aff. ¶ 5.

[2] The First Circuit has determined that the issuance of a summons alone does not constitute a seizure under the Fourth Amendment. Britton v. Maloney, 196 F.3d 24, 29–30 (1st Cir. 1999); see also Nieves v. McSweeney, 241 F.3d 46, 56 (1st Cir. 2001); Kurylo v. Rizzo, No. 2:15-cv-15-NT, 2016 WL 5936863, at *5 (D. Me. Oct. 12, 2016).

[3] And in the absence of any underlying constitutional violation by the officers, the governmental entities cannot be held liable. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385–89 (1989).

2

The plaintiff claims that the defendants engaged in a conspiracy to violate his civil rights under 42 U.S.C. § 1985. Compl. ¶ II(B). But there are no underlying civil rights violations on this record, and no evidence to show an agreement. Moreover, "absent a showing of conspiracy, [the plaintiff] has no claim under § 1986, which extends liability to those who knowingly failed to prevent conspiracies under § 1985." Maymi v. Puerto Rico Ports Auth., 515 F.3d 20, 31 (1st Cir. 2008).

The plaintiff also makes a federal claim for malicious prosecution. Compl. ¶ II(B). But since the plaintiff was not arrested, the Fourth Amendment, which sometimes supports a federal malicious prosecution claim, see Hernandez-Cuevas v. Taylor, 723 F.3d 91 (1st Cir. 2016), is not available to him. Albright v. Oliver, 510 U.S. 266 (1994), forecloses any such claim based upon substantive due process,[4] and a procedural due process foundation is unavailable because there is an adequate Maine state law remedy for malicious prosecution.[5] See Meehan v. Town of Plymouth, 167 F.3d 85, 88 (1st Cir. 1999) ("A § 1983 claim for malicious prosecution as a deprivation of procedural due process is barred where, as here, the state's tort law recognizes a malicious prosecution cause of

---

[4] In Albright, a plurality of the Court noted that "substantive due process may not furnish the constitutional peg on which to hang such a "tort"" as malicious prosecution. 510 U.S. at 271 n.4 (plurality op.). The First Circuit has also ruled that the substantive due process clause of the Fourteenth Amendment does not provide a basis for malicious prosecution claims. Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996).

[5] I do not address the plaintiff's references to federal criminal law, e.g., 18 U.S.C. §§ 241, 242, 1506. Federal criminal statutes do not create private civil causes of action. I also do not address assorted federal constitutional provisions he refers to that seem to have no bearing on his claims. He refers variously to the First, Fourth, Fifth, Six, Ninth, and Fourteenth Amendments. See, e.g., Compl. ¶ II(A).

3

action."); Richards v. Town of Eliot, 2001 ME 132, ¶ 33, 780 A.2d 281 (characterizing Maine law on malicious prosecution).

### *State Claims*

The plaintiff never filed any notice of claim against the Belfast defendants before filing this federal lawsuit, and without a proper notice of claim, he cannot proceed on state tort claims. 14 M.R.S.A. § 8107(1). The Waldo County defendants did not read the Complaint as making any state law claims and requested leave to supplement their motion if I read the Complaint to include such claims. County Defs.' Mot. Summ. J. 3 & n.1 (ECF No. 65). A liberal reading, given the plaintiff's pro se status, includes state law claims. See Compl. ¶¶ II(G) & (H) (referring to both Maine statutory and constitutional provisions). The Waldo County defendants shall file any supplement to their motion by August 11, 2017, and the plaintiff shall have the ordinary time under the Local Rules to respond.

### CONCLUSION

The Belfast defendants' motion for summary judgment is **GRANTED** on all claims against them. The Waldo County defendants' motion for summary judgment is **GRANTED** on all federal claims against them. I defer judgment on any state law claims against the Waldo County defendants pending further briefing.

SO ORDERED.

DATED THIS 26TH DAY OF JULY, 2017

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4